**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4807

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOE JENKINS, a/k/a Cripple Joe,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:05-cr-00135)

Submitted:  February 7, 2007        Decided:  April 30, 2007

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Capers G. Barr, III, BARR, UNGER & MCINTOSH, LLC, Charleston, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Columbia, South Carolina, Carlton R. Bourne, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Joe Jenkins pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000). The district court sentenced Jenkins to 300 months' imprisonment, within the sentencing guidelines range. Jenkins appealed, and counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there exist no meritorious issues for appeal but seeking review of Jenkins' sentence. Jenkins filed a pro se supplemental brief. The Government declined to file a responding brief. For the reasons that follow, we affirm in part and dismiss in part.

Counsel seeks review of the district court's decision not to grant Jenkins a downward departure below the guidelines range of 262 to 327 months' imprisonment. However, counsel concedes the court was never asked to depart and no evidence adduced at the sentencing hearing justified a departure. The district court did not mistakenly believe it lacked jurisdiction to depart; therefore, its decision not to depart from the sentencing guidelines is not subject to appellate review. See United States v. Quinn, 359 F.3d 666, 682 (4th Cir. 2004) (citing United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990)); see also United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006) (collecting cases adopting this rule after United States v. Booker, 543 U.S. 220 (2005)).

In his pro se supplemental brief, Jenkins raises a related issue, contending the Government breached the plea agreement by failing to move for a downward departure pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2005).[1] This issue was not raised before the district court and therefore is reviewed for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). The plea agreement did not include an obligation to file a departure motion but reserved the discretion to file the motion with the Government. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994); see also United States v. LeRose, 219 F.3d 335, 341-43 (4th Cir. 2000) (holding departure on ground of

_____

[1]The plea agreement provided Jenkins' sentencing range would be 188 to 235 months' imprisonment provided the district court deemed he accepted responsibility pursuant to USSG § 3E1.1. Additionally, if Jenkins complied with the agreement's terms, he could request the Government to move for a downward departure for substantial assistance pursuant to USSG § 5K1.1. At his guilty plea hearing, the district court granted Jenkins' request for a temporary delay in the revocation of his pre-trial bond, so that Jenkins could resolve a personal matter prior to entering the Government's custody. Jenkins did not appear on the date ordered and was arrested over a month later. At sentencing, Jenkins was not credited with acceptance of responsibility, and the Government did not move for a downward departure. Jenkins asserts the Government's alleged breach was occasioned by its failure to place him and his family in the witness protection program; he claims he was threatened by a co-defendant while attending to personal business after the guilty plea hearing, which caused him to flee. The Attorney General may provide for the relocation and protection of a witness or potential witness as well as that witness' family, if the Attorney General determines a crime of violence directed at the witness is likely to be committed. See 18 U.S.C. § 3521(a)(1) (2000). In affidavits submitted prior to sentencing, Jenkins claimed he conveyed the threats to the authorities, who were unresponsive. The district court found Jenkins' claims were not credible.

substantial assistance to Government first requires Government to file motion for court to depart).  Therefore, we conclude this issue is meritless.

Next, Jenkins contends the district court violated 18 U.S.C. § 3146(c) (2000) when the court increased the sentence because of his failure to appear pursuant to the court's order. Section 3146(c) provides an affirmative defense in a failure to appear prosecution; however, as counsel notes, Jenkins was not charged with a failure to appear.  Instead, the district court correctly found that an offense-level reduction for acceptance of responsibility became inappropriate when Jenkins failed to appear pursuant to the court's order. Accordingly, this contention fails.

In his pro se brief, Jenkins contends his sentence was unreasonable.  At sentencing, the district court considered the properly calculated advisory sentencing guideline range and the factors set forth in 18 U.S.C. § 3553(a) (West 2000 & Supp. 2006). The sentence imposed is within the guideline range and well below the statutory maximum set forth in 21 U.S.C. § 841 (2000).  We find there is no sentencing error and conclude Jenkins' sentence is reasonable.  See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Finally, Jenkins contends in his pro se brief that the district court accepted his guilty plea without an adequate factual basis.  Because Jenkins did not move in the district court to

withdraw his guilty plea, any error in the Fed. R. Crim. P. 11 hearing is reviewed for plain error. <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002). We have reviewed the transcript of the Rule 11 hearing and find no such error in the proceedings.[2]

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Jenkins' conviction and sentence. We dismiss the portion of the appeal contesting the district court's decision not to depart. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

---

[2]We also reject Jenkins' contention that the district court erred under Fed. R. Crim. P. 11 and 32 because Jenkins allegedly was not aware of what sentence he would receive. At the guilty plea hearing, Jenkins indicated he understood his sentence could not be determined until the completion of the presentence report and the sentence could differ from any estimate provided by his counsel or the Government.